# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KEITH DWAYNE CURD, | DOCKET NUMBER |
| Appellant, | AT-0845-24-0453-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: May 8, 2026 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keith Dwayne Curd, Savannah, Georgia, pro se.

Eva Ukkola, Kevin Landon Beach, and Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed a reconsideration decision by the Office of Personnel Management (OPM) affirming its decision that the appellant had been overpaid Federal Employees' Retirement System (FERS) annuity benefits and denying his request for a waiver of the overpayment. Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

A waiver of recovery of an overpayment may be granted when the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8470(b); *Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 6 (2008); 5 C.F.R. § 845.301. The administrative judge's finding that the appellant was without fault in causing the overpayment is not in dispute. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 5. Generally, recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that because of the overpayment he relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. *Spinella*, 109 M.S.P.R. 185, ¶ 6; 5 C.F.R. § 845.303; 5 C.F.R. § 1201.56(b)(2)(ii). The appellant bears the burden of establishing his entitlement to a waiver by substantial evidence. *Spinella*, 109 M.S.P.R. 185, ¶ 6; 5 C.F.R. § 845.307(b).

On petition for review, the appellant renews his arguments that he is entitled to a waiver of recovery of the overpayment because it will cause financial hardship and is unconscionable, given OPM's 5-year delay in discovering its

failure to properly reduce the appellant's annuity. Petition for Review (PFR) File, Tab 1 at 2, Tab 5 at 2. Financial hardship may be deemed to exist in, for example, those situations where the appellant needs substantially all of his current income and liquid assets to meet current ordinary and necessary living expenses and liabilities. *Spinella*, 109 M.S.P.R. 185, ¶ 11; 5 C.F.R. § 845.304. A waiver based on unconscionability will be granted only under exceptional circumstances, such as when there has been an exceptionally lengthy delay by OPM in adjusting an annuity, OPM failed to respond within a reasonable length of time to an appellant's inquiries regarding an overpayment, OPM failed to act expeditiously to adjust an annuity in the face of specific notice, and/or OPM is otherwise grossly negligent in handling the case. *Spinella*, 109 M.S.P.R. 185, ¶ 7. These are high standards. In concluding that a waiver of the overpayment was not warranted here, the administrative judge properly considered the appellant's overall financial condition,[2] that OPM's 5-year delay in noticing the overpayment was not particularly lengthy, and that OPM acted promptly after discovering the error.[3] ID at 4-8. The appellant's repeated assertions on review

---

[2] The administrative judge did not err in basing his calculations of the appellant's monthly income/expense margin on the total monthly household income, as the appellant contends. PFR File, Tab 1 at 2; *see Fusco v. Office of Personnel Management*, 42 M.S.P.R. 501, 506 (1989) (explaining that monthly income is the appellant's monthly income from all sources as stated on his Financial Resources Questionnaire, including income received by any other family member for whom the appellant claims ordinary and necessary living expenses); 5 C.F.R. § 845.304(a)(2). However, based on our calculations, the appellant's monthly income/expense margin is $3,229.92, not $3,301.92, as stated in the initial decision. ID at 7. Nevertheless, because the income/expense margin still significantly exceeds the $367.59 monthly installments set forth in the Office of Personnel Management's repayment schedule, IAF, Tab 6 at 10, the error did not prejudice the appellant; thus, it is not a basis to disturb the administrative judge's finding that recovery of the overpayment would not cause financial hardship, ID at 7; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[3] By way of comparison, in *Taylor v. Office of Personnel Management*, 87 M.S.P.R. 214, ¶ 20 (2000), the Board found that OPM's more than 10-year delay in discovering

do not provide a basis to disturb these findings, and we discern no other reason to do so. *See Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 9 (2011) (finding that mere disagreement with an administrative judge's explained findings is not a basis to grant a petition for review).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

that the appellant's annuity was incorrectly adjusted and informing the appellant of the overpayment did not support a finding of unconscionability, as OPM "did not delay once it became aware of the circumstances that gave rise to the overpayment." We recognize that *Taylor* and *Fusco*, cited at *supra* 3 n.2, concern overpayments of benefits under the Civil Service Retirement System, but the Board has applied the principles articulated in those cases to FERS cases as well. *See Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 9 n.3 (2012); *Spinella*, 109 M.S.P.R. 185, ¶ 9, 11.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.